IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 08-cv-0269-JLK-KLM

LYNNE GIEGES,

    Plaintiff,

v.

MOUNTAIN TOWER PROPERTIES, LLC, a Delaware Limited Liability Company; and SCHINDLER ELEVATOR CORPORATION, a Delaware Corporation,

    Defendants.

_____

ORDER REMANDING CASE TO STATE COURT
_____

KANE, J.

This matter is before me on the Notice of Removal (Doc. 1) filed February 7, 2008 by Defendants Mountain Tower Properties, LLC and Shindler Elevator Corporation. Defendants assert the matter in dispute exceeds the sum or value of $75,000 and is between citizens of different states such that they are entitled to removal under 28 U.S.C. § 1441(a). For the reasons stated below, I find the Notice inadequate to establish removal jurisdiction and therefore remand this case to state court.

To be removable, a civil action must satisfy the requirements for federal jurisdiction. 28 U.S.C. § 1441(a). Federal jurisdiction in the instant removal action is premised on diversity of citizenship under 28 U.S.C. § 1332. In this circuit, courts are "rigorously [to] enforce Congress' intent to restrict federal jurisdiction in controversies

between citizens of different states." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001) (quoting *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1339 (10th Cir. 1998)). "[T]here is a presumption against removal jurisdiction," *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *see Martin*, 251 F.3d at 1289, so that all doubts are resolved in favor of remand. *Fajen v. Foundation Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

In a removal case, the removing defendant has the burden of establishing that the jurisdictional prerequisites of § 1332, specifically including the amount in controversy requirement, have been satisfied. *Martin*, 251 F.3d at 1290. When the plaintiff's damages are unspecified, the defendant must establish the jurisdictional amount by a preponderance of the evidence. *Id.* A defendant's assertion that the matter in controversy exceeds $75,000, with nothing more, is therefore insufficient to establish removal jurisdiction. Nor may a defendant rely on a Civil Cover Sheet filed by the plaintiff in the State Court to establish that the amount in controversy exceeds the jurisdictional minimum. *Baker v. Sears Holding Corp.*, No. 07-cv-01106-MSK-MEH, 2007 WL 2908434 (D. Colo. Oct. 4, 2007).

In the instant case, Defendants assert, with nothing more, that the amount in controversy, exclusive of interest and costs "exceeds $75,000." Notice of Removal, ¶ 7. To the extent Defendants rely on Plaintiff's notation on the State Civil Cover Sheet that she seeks "a monetary judgment for more than $100,000.00," this document is also insufficient to establish the jurisdictional amount. *See Baker*, 2007 WL 2908434, *4-5.

While the jurisdictional prerequisite of at least $75,000 in controversy may, in fact, be satisfied in this case, removal is improvident unless and until that fact is established and not merely asserted. Accordingly,

    IT IS ORDERED that this case be REMANDED to the Denver County District Court.

    Dated this 13th day of February, 2008.

                                      s/John L. Kane
                                      John L. Kane, Senior Judge
                                      U.S. District Court